IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION |
| v. | NO. 16-19-1 |
| ALLEN CARTER | |

Pappert, J.                                                                                                                              August 6, 2024

**MEMORANDUM**

In 2023, the Court sentenced Allen Carter to 240 months' incarceration. Carter now moves to reduce that sentence pursuant to 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821, a recent amendment to the Sentencing Guidelines. The Court denies the motion because Carter is not entitled to the relief he seeks.

I

Carter's presentence report for his 2023 resentencing[1] placed his total offense level at 33. PSR ¶90. At the time of his resentencing, Carter had four prior convictions for which he received nine criminal history points. *Id.* at ¶¶ 90-97. He also received two additional points for these offenses, known as "status points," pursuant to Section 4D1.1(d) of the Sentencing Guidelines, leading to a total criminal history score of eleven, putting him in criminal history category V. *Id.* at ¶¶ 98-99. The resulting advisory sentencing guideline range was 210 to 262 months. *Id.* at ¶ 99.

---

[1]     Carter was originally sentenced in 2018. In 2020, Carter filed a motion under 28 U.S.C. § 2255 seeking relief based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). (ECF Nos. 57, 69). The Government recognized that *Davis* invalidated his Section 924(c) convictions because they were based on a conspiracy to commit Hobbs Act robbery (ECF No. 72), and agreed that the Court should conduct a resentencing hearing. (ECF No. 88).

18 U.S.C. § 3582(c)(2) provides that the Court:

> may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the Court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). At the time of Carter's resentencing, the Sentencing Guidelines added two criminal history points to a defendant's criminal history score if the defendant committed the present offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sent'g Guidelines Manual § 4A1.1(d) (2015) (amended 2023) ("U.S.S.G").

The Sentencing Commission amended this provision, which became effective on November 1, 2023. It now reads: "Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (2023). When the guidelines range applicable to a defendant is lowered by an amendment to the Sentencing Guidelines while the defendant is serving a term of imprisonment, the Court "may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." *Id.* § 1B1.10(a)(1).

The Court conducts a two-step inquiry when deciding a sentence reduction under 18 U.S.C. § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826 (2010). The Court must first establish "'the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of initial

sentencing." *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1) (2015)). Second, the Court "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* Such sentence reduction proceedings under the statute "are not wholesale resentencings[,]" *United States v. Berberena*, 694 F.3d 514, 522 (3d Cir. 2012) (citing *Dillon*, 560 U.S. at 831), and "Congress intended to authorize only a limited adjustment to an otherwise final sentence within the narrow bounds established by the Commission[.]" *Id.* (cleaned up) (quoting *Dillon*, 560 U.S. at 826, 831).

## II

The Sentencing Guidelines state that "[a] reduction in the defendant's term of imprisonment is not consistent with" Section 1B1.10(a)(1) if "[a]n amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). And the Court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection[,]" *id.* § 1B1.10(b)(2)(A), though the Court could do so for instance, when the government files a motion reflecting the defendant's substantial assistance to authorities. *Id.* § 1B1.10(b)(2)(B). The Application Notes describe the applicable guideline range as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.* § 1B1.10(a) cmt. A.

Under the amended Guidelines, Carter receives one rather than two status points, reducing his total criminal history score to 10. Nevertheless, a score of 10 also places him in category V, which applies to defendants who receive 10 to 12 criminal history points and his guideline range remains 210 to 262 months. Retroactive application of Amendment 821 would accordingly not have the effect of lowering Carter's applicable guideline range and is therefore inconsistent with the Commission's policy statements and unauthorized by Section 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Larios*, No. 19-179-1, 2024 WL 390355, 2024 U.S. Dist. LEXIS 18041, at *2-3 (N.D. Cal. Feb. 1, 2024) (denying a 3582(c)(2) motion because even after applying Amendment 821 the defendant "would remain in criminal history category VI with 15 criminal history points given that 13 or more criminal history points merit placement in category VI"); *United States v. McCray*, No. 1:12-55, 2023 WL 8355362, 2023 U.S. Dist. LEXIS 213730, at *3-5 (D. Me. Dec. 1, 2023). Moreover, no exception, such as the government's motion for substantial assistance, exists here.[2]

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

[2] Carter also moves for appointment of counsel (ECF No. 124). At the outset, however, the Court must determine whether Carter's claim "has some merit in fact and law." *United States v. Dorsey*, 520 F. Supp. 3d 681, 684 (E.D. Pa. 2021) (citing *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993)). As demonstrated, however, Carter's motion for relief under § 3582(c)(2) would fail even with appointed counsel because the applicable guidelines range would remain the same.